UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JAMAL KEARSE,

                       Plaintiff,

-against-

DEPARTMENT OF CORRECTIONS, WARDEN SHAW,
OFFICER MITCHELL #8132, OFFICER DELIOTTE
#17100, OFFICER HARRIS #17399, OFFICER
ALMANZAR #18373, OFFICER BROWN #11285,
CAPTAIN MATHEWS #130,

                       Defendants.

------------------------------------------------------------------------ x

**ANSWER ON BEHALF OF CORRECTION OFFICER BROWN**

08 CV 1508 (DLC)

Jury Trial Demanded

       Defendant Correction Officer Brown, by his attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for his answer to the complaint, respectfully alleges, upon information and belief, as follows:

       1.     Denies the allegations set forth in paragraph "I" of the complaint and all of its subparts, including the attachment titled "Parties in This Complaint Additional Defendants" except admits that plaintiff purports to name the parties as stated therein.

       2.     Denies the allegations set forth in paragraph "II.A." of the complaint, except admits that plaintiff was incarcerated at the George R. Vierno Center on or about September 12, 2007.

       3.     Denies the allegations set forth in paragraph "II.B." of the complaint, except admits that plaintiff was housed in unit 11A on or about September 12, 2007.

       4.     Denies the allegations set forth in paragraph "II.C." of the complaint, except admits that an incident involving plaintiff occurred on or about September 12, 2007 at approximately 11:40 a.m. in unit 11A.

5. Denies the allegations set forth in paragraph "II.D." of the complaint, except admits that an incident involving plaintiff, Officers Mitchell, Deliotte, Harris, Almanzar, Brown and Captain Matthews occurred on or about September 12, 2007 and that plaintiff was removed thereafter to Elmhurst Hospital.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "III" of the complaint, except admits that plaintiff was removed to Elmhurst Hospital.

7. Denies the allegations set forth in paragraph "IV" of the complaint and all of its subparts, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's attempts to file a grievance in connection with the alleged incident.

8. Denies the allegations set forth in paragraph "V" of the complaint, except admits that plaintiff purports to seek relief as stated therein.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "VI" of the complaint and all of its subparts.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

10. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

11. Plaintiff provoked any incident.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

12. Defendant Correction Officer Brown has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

- 3 -

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

13. At all times relevant to the acts alleged in the complaint, defendant acted reasonably in the proper and lawful exercise of his discretion.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

14. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of the defendants.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

15. Plaintiff's claims may be barred, in whole or in part, by his failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

16. Plaintiff's claims may be barred, in whole or in part, because plaintiff failed to comply with all conditions precedent to suit.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

17. Plaintiff's claims may be barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

18. Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations period.

- 4 -

**WHEREFORE,** defendant Correction Officer Brown requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
             July 28, 2008

                                MICHAEL A. CARDOZO
                                Corporation Counsel of the
                                  City of New York
                                Attorney for Defendants
                                100 Church Street
                                New York, New York 10007
                                (212) 788-1575

By:               /s/
          Bradford C. Patrick
          Assistant Corporation Counsel
          Special Federal Litigation Division

To:    BY MAIL
       Jamal Kearse, #█████
       Plaintiff Pro Se
       George R. Vierno Center
       09-09 Hazen Street
       E. Elmhurst, NY 11370

       BY MAIL
       Jamal Kearse
       Plaintiff Pro Se
       C/O Nazlea Muja
       611 Blake Ave., Apt. 5B
       Brooklyn, NY 11207

**DECLARATION OF SERVICE BY FIRST CLASS MAIL**

I, Bradford C. Patrick declare, pursuant to 28 U.S.C. § 1746, under the penalty of perjury that on **July 28, 2008** I served the annexed **Answer on Behalf of Correction Officer Brown** upon the following individual by depositing a copy of the same, enclosed in a first class postpaid properly addressed wrapper, in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to the said plaintiff pro se at the address set forth herein, being the address designated by said plaintiff for that purpose, to wit:

> Jamal Kearse, #
> Plaintiff Pro Se
> George R. Vierno Center
> 09-09 Hazen Street
> E. Elmhurst, NY 11370
>
> Jamal Kearse
> Plaintiff Pro Se
> C/O Nazlea Muja
> 611 Blake Ave., Apt. 5B
> Brooklyn, NY 11207

Dated:   New York, NY
         July 28, 2008

>                                           /s/
>                                           _____
>                                           Bradford C. Patrick
>                                           Assistant Corporation Counsel
>                                           Special Federal Litigation

Index No. 08 CV 1508 (DLC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMAL KEARSE,

         Plaintiff,

     -against-

DEPARTMENT OF CORRECTIONS, WARDEN SHAW, CORRECTION OFFICER MITCHELL, CORRECTION OFFICER DELIOTTE, CORRECTION OFFICER HARRIS, CORRECTION OFFICER ALMANZAR, CORRECTION OFFICER BROWN, AND CAPTAIN MATHEWS,

         Defendants.

## ANSWER ON BEHALF OF CORRECTION OFFICER BROWN

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Bradford C. Patrick*
*Tel: (212) 788-1575*
*NYCLIS No.2008-015627*

*Due and timely service is hereby admitted.*

*New York, N.Y. ..............................................., 200......*

*................................................................... Esq.*

*Attorney for....................................................................*